CASE 95.—ACTION BY ARTHUR FLANNERY, BY GUARDIAN,
AGAINST THE LOUISVILLE RAILWAY COMPANY.
—Oct. 13, 1909.

## Louisville Ry. Co. v. Flannery

Appeal from Jefferson Circuit Court, Common Pleas Branch (First Division).

Emmet Field, Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1. Street Railroads—Collision with Vehicle—Negligence.—A motorman who sees a standing vehicle close to the track, and who knows that the only person in the vehicle is a boy not old enough to appreciate the danger, must stop the car until the vehicle is moved to a place of safety; and, where he attempts to pass, the street railroad company will not be relieved from liability for injury to the boy because the horse attached to the vehicle by a slight movement throws the wagon in such a position that the rear of the car strikes it.
2. Street Railroads—Collision with Vehicle—Negligence.—Where a standing vehicle is so close to the street car track that the slightest movement of the horse attached to it will bring it in contact with a car, and this fact is known or by ordinary care should be known to the motorman, that a part of the car passes in safety will not excuse the company, if another part of the car strikes it, and causes injury to person or property.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE for appellant.

### CONCLUSION.

The only defense to this action offered by appellant was that when the front of the car passed the wagon, it was a sufficient distance from the street car track to allow the entire car to pass safely, and that after the front of the car had passed the wagon was caused to be moved, and that thereby its rear wheel was brought into collision with the rear step of the car, and the

plaintiff was injured. We maintain that appellant was entitled to have an instruction given to the jury in a specific and concrete form, outlining this defense, and no instruction of this character was given by the lower court, although one was offered. The instructions given by the court did not reach the requirement as stated by Commissioner Clay in the King case supra, that the plaintiff and the defendant have a right to have their sides of the case properly presented to the jury in a clear, concise and specific manner.

We think that under the foregoing authorities appellant is entitled to a reversal, with instructions to the lower court upon the next trial to give to the jury an instruction outlining appellant's defense.

### AUTHORITIES CITED.

Louisville Railway Co. v. Meglemery, 25 Ky. L. R., 1587; Lexington Railway Co. v. Woodward, 106 S. W., 854; Lexington Railway Co. v. Van Laden's Adm'r, 107 S. W. 740; Louisville Railway Co. v. Garr, 122 S. W. 1130; Louisville Railway Co. v. Byers' Adm'x; Goldstein's Adm'r v. Louisville Railway Co., 115 S. W. 194; L. & N. R. R. Co. v. King's Adm'r 115 S. W. 196; Louisville Railway Co. v. Hallihan, 119 S. W. 200.

ROBT. L. PAGE for appellee.

There being no element of contributory negligence the whole case rests upon the ground whether the appellant's servants exercised ordinary care to prevent the accident complained of, and upon that subject the court properly instructed the jury.

The motorman might reasonably have anticipated the danger, and in the appellee relied upon as said, he could not wait until the danger was imminent or the person in peril before being charged with the duty of exercising ordinary care. South Covington & Cin. R. Co. v. Cleveland, 30 Ky. L. R. 1075; Thiel v. South Covington & Cin. St. Ry. Co., 25 Ky. L. R, 1591; Passamanich's, &c. v. Louisville Ry. Co., 98 Ky. 205.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The father of Arthur Flannery drove his wagon in front of a fruit store on Jefferson street and left it standing as close to the sidewalk and as far from the street car track in the middle of the street as he could, considering the position of other vehicles that

were in front of the store.  He got out of the wagon
to go into the store, and left his son Arthur, a little
boy about eight years old, as the only occupant of
the wagon.  Almost immediately after Flannery left
the wagon, or at least in a minute or so, a street car
going east on Jefferson street came up to the place
the wagon was standing.  The motorman saw the
nearness of the wagon to the track as he approached
it, and was running at slow speed.  When in a few
feet of the wagon, he stopped the car, apprehensive
that it would not pass the wagon without striking it,
and asked Arthur Flannery to move the wagon, but
the little boy did not pay any attention to the request
and the motorman, concluding that he could pass in
safety, started his car.  The front step of the car
passed the wagon without striking it, but the rear step
hit one of the wagon wheels, the collision throwing the
little boy out of the wagon, injuring him severely and
permanently. The evidence shows that after the front
part of the car passed the wagon, missing it by two or
three inches, the horse slightly moved his position,
and this caused one of the wheels of the wagon to
come in contact with the car.

The only error assigned is the failure of the trial
court to give the following instruction: ''The court
instructs the jury that if they believe from the evi-
dence that the wagon in question was a sufficient dis-
tance from the track for the defendant's car to pass
the same in safety, and that the front part and step
of said car did pass said wagon in safety, and that
afterwards, and while said car was passing said wag-
on, said wagon changed its position by reason of the
horse moving or otherwise, and thus brought said
wagon so close to the said car that the rear of the car

vol. 134—48

collided with said wagon, then the law is for the defendant, and the jury should so find." This instruction was in effect a peremptory direction to find for the railway company, and, if it should have been given, it is manifest that the failure to do so was prejudicial error. But in our opinion the court did not under the facts of this case commit error in refusing the instruction.

The motorman saw the little boy in the wagon before attempting to pass it. He knew, or must have known, that the boy was not old enough to appreciate or understand that he was in any danger, and that his tender years made him indifferent to his request to move the wagon out of the way. He also knew that the boy was the only occupant of the wagon, and further knew that the closeness of the wagon to the track made it doubtful if the car would pass without striking it. With full knowledge of all these facts, it was the duty of the motorman under the circumstances to have stopped his car until the wagon was moved to a place of safety. If the wagon had been so far from the track that the car could have passed it with reasonable safety, or, in other words, so far that an ordinary or slight movement of the horse would not have thrown it in contact with the car, and, after the front of the car had passed the wagon, the rear of the car collided with it on account of the negligence of the driver of the wagon or the restlessness of the horse, the instruction offered would have been appropriate. But, when a motorman sees a vehicle so close to the track that it appears to him doubtful if it can be passed in safety, the company will not be excused because the horse attached to the vehicle by a slight movement throws the wagon in such a position that the car will strike it. Here

we have a case where the motorman had full notice of the dangerous proximity of the wagon to the track, and evidently believed when he stopped his car and asked the little boy to move the wagon that it would be dangerous to attempt to pass it. In attempting under these circumstances to pass the wagon the motorman assumed the risk of passing it in safety. Having taken the risk and lost, the company must pay the penalty for his negligence. To say that under a state of facts like those proven in this case the company should be absolved from liability would be, in effect, holding that, however perilous the situation of the occupant of a vehicle upon a street, the persons in charge of the car may take the chance of not injuring him and be free from liability if the vehicle from any cause be moved a few inches so as to come in contact with the car. This is not the law. When a vehicle is so close to the car track that the slightest movement of the horse attached to it will bring it in contact with the car, and this fact is known or in the exercise of ordinary care should be known to the motorman, the mere fact that a part of the car passes it in safety will not excuse the company if another part of the car strikes it, and causes injury or loss to person or property. When confronted by a situation like this, the motorman should stop his car until the vehicle is moved to a place of safety.

There is no conflict in the view of the law and that expressed in the cases of the Louisville Railway Company v. Meglemery, 78 S. W. 217, 25 Ky. Law Rep. 1587; Lexington Railway Company v Woodward, 106 S. W. 853, 32 Ky. Law Rep. 653; Lexington Railway Company v. Van Laden, 107 S. W. 740, 32 Ky. Law Rep. 1047; Louisville Railway Company v. Garr

Louisville Ry. Co. v. Flannery.

(Ky.) 112 S. W. 1130; Goldstein's Adm'r v. Louis-ville Railway Company (Ky.) 115 S. W. 194.

In the cases mentioned the court held that the instruction approved not only presented the railway company's theory of the case, but contained a correct exposition of the law. The instruction offered in this case, while based on facts sufficient to authorize it, and doubtless stating the company's defense, does not properly present the law of the case as we understand it. An instruction should not only be based on the facts developed by the evidence, but contain a correct statement of the principles of law applicable to the facts. In each of the cases mentioned the exoneration of the company from liability depended upon the fact that the motorman was exercising ordinary care to prevent the accident, and that it was caused by the negligence of the injured party. Here the motorman was not exercising ordinary care, nor was there any fault upon the part of the injured boy. Indeed, we might well say under all the circumstances that the accident was due to the inexcusable negligence of the motorman.

Wherefore the judgment of the lower court is affirmed.